IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN A. GLAVIN,

                Petitioner,                ORDER

    v.

                                                    10-mc-5-slc

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
and WILLIAM CUNNINGHAM,
special agent,

                Respondents.

---

Petitioner John A. Glavin has petitioned the court to quash an administrative summons issued by respondent Internal Revenue Service to The Westward Group in connection with an IRS investigation of petitioner's tax liability for 2001–2008. A summons, if challenged, must meet the requirements for enforcement set out in *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The Seventh Circuit has long applied the four operative factors from *Powell* to guide the judicial enforcement of a summons:

> [T]he government must make a prima facie case that the IRS issued the summons in good faith.... The government must only show: the investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; the information is not already in the IRS's hands; and the IRS has followed the statutory steps for issuing a summons. The government typically makes that showing through the affidavit of the revenue agent conducting the audit.*2121 Arlington Heights*

*Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir.1997) (citations omitted).

If the government meets its burden, then the onus shifts to the taxpayer to show that enforcement of the summons would constitute an abuse of process. *Id.* The taxpayer can show that by disproving the existence of one of the *Powell* factors or pointing to specific facts

indicating that the IRS issued the summons in bad faith.  *See United States v. Stuart*, 489 U.S. 353, 360 (1989); *2121 Arlington Heights*, 109 F.3d at 1224.

Respondent William Cunningham, an IRS special agent, has submitted a declaration stating that the IRS is investigating whether petitioner has paid his tax liability for the years 2001-2008, that the records described in the summons are necessary for the investigation, that the IRS did not already have this information and that the IRS complied with the tax code when it issued the summons.  This satisfies the *Powell* factors.

Petitioner fails to show that enforcement of the summons would constitute an abuse of process.  In his petition, petitioner raises only long-discredited "sovereign citizen" arguments, such as that sovereign citizens are not citizens of the United States or that the IRS's 1040 form is illegitimate.  Petitioner failed to file a reply to respondents' brief in opposition.  Because petitioner has failed to show an abuse of process, I will deny his motion to quash the summons.

In addition, respondents request that respondents IRS and Cunningham be dismissed, leaving the United States as the only respondent.  I will grant this motion.  The IRS is not a suable entity.  *Castleberry v. Alcohol, Tobacco & Firearms Div. of Treas. Dept. of U.S.*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976.)  Further, Cunningham must be dismissed because a suit complaining of actions taken by a respondent in his official capacity as an agent of the United States is in fact one against the United States.  *Atkinson v. O'Neil*, 867 F.2d 589, 590 (10th Cir. 1989).

ORDER

It is ORDERED that:

(1) Petitioner's motion to quash the administrative summons issued by respondent Internal Revenue Service to The Westward Group, dkt. 1, is DENIED. The Westward Group is hereby ordered to comply with the summons.

(2) Respondents' motion to dismiss respondents Internal Revenue Service and William Cunningham, dkt. 3, is GRANTED.

Entered this 13th day of April, 2010.

                                      BY THE COURT:

                                      /s/

                                      STEPHEN L. CROCKER
                                      Magistrate Judge